UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELIJAH JAMES PARFAIT**　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　**NO. 18-7023**

**JERRY J. LARPENTER, ET AL.**　　　　　　　　　　　　　**SECTION: "A"(1)**

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Elijah James Parfait, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He sued Sheriff Jerry J. Larpenter, Warden Claude Triche, Medical Administrator Richard Neal, Nurse Monique Scales, Corporal Chase Blanchard, and Officer Daniel Berrera.[1] In an amended complaint, plaintiff also added Assistant Warden Stephen Bergeron as a defendant.[2] In this lawsuit, plaintiff asserts various claims concerning a police report that falsely stated that he has Hepatitis C.

On September 11, 2018, the Court held a Spears hearing in this matter. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on plaintiff's complaint, as amended, and his Spears hearing testimony, the Court finds that he is making the following allegations in this lawsuit:

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 6.

On April 6, 2018, while plaintiff was at the Ochsner Medical Center's mental health ward, hospital staff called law enforcement authorities to report that he had an outstanding misdemeanor warrant. Officer Fitch (who is not a defendant herein) thereafter transported plaintiff to the Terrebonne Parish Criminal Justice Complex. When plaintiff arrived at the jail, he was still under the influence of methamphetamines and psychotropic drugs, and he spat on Corporal Chase Blanchard and Officer Daniel Berrera. As a result, plaintiff was charged with two counts of battery on a correctional officer.

Blanchard authored the police report concerning those charges. In his report, he stated that Nurse Monique Scales reported that plaintiff has Hepatitis C.[3] Plaintiff states that he does not in fact have Hepatitis C. Further, he does not believe that Scales ever actually said that he has the disease; rather, he thinks that Blanchard simply lied in the police report in order to make the charges seem more egregious.

At a bond hearing, an assistant district attorney read the police report into the record in open court and, based on the information therein, plaintiff was denied a bond reduction due to the allegation that he had intentionally exposed Blanchard and Berrera to Hepatitis C by spitting on them. Additionally, plaintiff's fiancée, who was present and heard the allegation, left the hearing and has not spoken to him since that time.

At the <u>Spears</u> hearing, plaintiff stated that he sued Sheriff Larpenter, Warden Triche, and Medical Administrator Richard Neal because they are supervisory officials and because they did not respond appropriately to plaintiff's grievances. He further explained that he named Officer Berrera as a defendant simply because he was involved in the underlying altercation, but plaintiff

---

[3] Plaintiff subsequently provided the Court with a copy of the police report. Although Scales is not mentioned by name in the police report, Blanchard does state in the report that he "spoke with the medical staff and they advised me that Parfait has Hepatitis C." Rec. Doc. 6, p. 2.

2

conceded that he is not alleging that Berrera himself took any action which violated plaintiff's constitutional rights.

In plaintiff's subsequent amended complaint, he added Assistant Warden Stephen Bergeron as a defendant, stating: "Stephen Bergeron failed to effectively and punctually respond to all grievances concerning this matter. He did not take the claims seriously."[4]

### I. Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[4] Rec. Doc. 6.

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, as amended,[5] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the claims against all defendants except Blanchard be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

---

[5] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## II. Plaintiff's Claims

### A. Claims Against Sheriff Jerry J. Larpenter, Warden Claude Triche, Assistant Warden Stephen Bergeron, and Medical Administrator Richard Neal

Plaintiff has sued Larpenter, Triche, Bergeron, and Neal on two separate theories. Neither of those theories is a valid basis for liability.

First, plaintiff is suing those defendants simply because they hold supervisory positions at the jail. However, that is improper, in that a supervisory official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[6] or vicarious liability.[7]

Second, plaintiff claims that those defendants failed to respond appropriately to his grievances. However, that claim fails because inmates do not have a constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction. Bonneville v. Basse, 536 F. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 F. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

Because plaintiff has not identified a proper legal basis for holding Larpenter, Triche, Bergeron, or Neal liable, the claims against them should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

### B. Claims Against Nurse Monique Scales and Officer Daniel Berrera

Plaintiff has also failed to state a claim against either Scales or Berrera. The only allegation against Scales is that Corporal Blanchard indicated in his police report that Scales stated that

---

[6] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[7] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

plaintiff has Hepatitis C. However, at the <u>Spears</u> hearing, plaintiff testified that he does not believe that Scales actually made any such statement; rather, he believes that Blanchard simply lied in his report. Also at the <u>Spears</u> hearing, plaintiff testified that he named Berrera as a defendant only because he was involved in the underlying altercation, conceding that he took no action that harmed plaintiff. Because plaintiff does not allege that either Scales or Berrera took any action that violated plaintiff's constitutional rights, the claims against them should be dismissed for failing to state a claim on which relief may be granted.

### Claims Against Corporal Chase Blanchard

At this point, the undersigned recommends that the claims against Blanchard be allowed to proceed pending further development.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Sheriff Jerry J. Larpenter, Warden Claude Triche, Assistant Warden Stephen Bergeron, Medical Administrator Richard Neal, Nurse Monique Scales, and Officer Daniel Berrera be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Corporal Chase Blanchard be allowed to proceed pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this second day of January, 2019.


_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**